IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. 3-00-CR-0486-M<br>NO. 3-10-CV-1128-M |
| LUIS SAMUEL OCHOA | § § | |
| Defendant. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Defendant Luis Samuel Ochoa, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed as successive.

I.

Defendant pled guilty to a one-count information charging him with conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. Punishment was assessed at 188 months confinement followed by supervised release for a period of five years. Defendant appealed his conviction and sentence. The appeal was dismissed as frivolous. *United States v. Ochoa*, 55 Fed.Appx. 717, 2002 WL 31933270 (5th Cir. Dec. 27, 2002), *cert. denied*, 124 S.Ct. 191 (2003). Defendant also filed a motion to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255. The motion was denied. *United States v. Ochoa*, No. 3-04-CV-2000-M (N.D. Tex. Dec. 9, 2004), *COA denied*, No. 05-10061 (5th Cir. Jan. 9, 2006).[1]

---

[1] The district court also denied a motion to amend judgment nunc pro tunc. *United States v. Ochoa*, No. 3-00-CR-486-M (N.D. Tex. Sept. 22, 2009), *appeal dism'd*, No. 09-11006 (5th Cir. Jan. 26, 2010).

In his most recent section 2255 motion, defendant alleges that: (1) his guilty plea was unknowing and involuntary; (2) he received ineffective assistance of counsel at trial and on appeal; and (3) he is actually innocent. Before addressing these claims, the court must determine whether defendant can file a successive section 2255 motion without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive section 2255 motion, a defendant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. *Id.* §§ 2255(h) & 2244(b)(3).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive section 2255 motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

### RECOMMENDATION

Defendant's motion to vacate, set aside, or correct sentence should be dismissed without prejudice pending authorization by the court of appeals to file a successive motion in district court.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 9, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE